27 C.C.P.A.(Patents)

### In re PARKER.

**Patent Appeal No. 4193.**

Court of Customs and Patent Appeals.
Dec. 4, 1939.

Henry C. Parker, of Washington, D. C., pro se.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims—Nos. 5, 7, 8, 9, and 10—in appellant's application for a patent for an alleged invention relating to a body deodorant.

The appealed claims read:

"5. A finely pulverulent dusting powder used as a body deodorant, consisting substantially of sodium bicarbonate, and from about 2 to 25 per cent of sodium perborate."

"7. A composition of matter used as a body deodorant, consisting substantially of sodium bicarbonate, from about 2 to 25 per cent of sodium perborate and sufficient water-free oleaginous material to make a paste.

"8. A dusting powder comprising a finely ground mixture of sodium bicarbonate and from about 2 to 25 per cent of sodium perborate free from acid ingredients.

"9. The dusting powder of claim 7 to which there has been added an inert ingredient acting as a sticker.

"10. A dusting powder used as a body deodorant comprising sodium bicarbonate, from about 2 to 25 per cent of sodium perborate and from about 10 to 50 per cent of talc, the composition being in the form of an impalapable powder."

The references are: Gruter et al., 975,-354, Nov. 8, 1910; Relyea, 1,297,735, Mar. 18, 1919; Poucher, "Perfumes, Cosmetics

and Soaps," 3d Ed.(1929), Vol. 2, Page 480.

Appellant's alleged invention is a "pulverulent dusting powder used as a body deodorant." It consists substantially of sodium bicarbonate and from 2 to 25 per centum of sodium perborate (appealed claim 5), to which may be added an "inorganic sticking agent, such as talc [appealed claim 10], bentonite, silica gel, fuller's earth, etc." The mixture may be made into the form of paste by adding sufficient water-free oleaginous material (appealed claim 7).

Appellant states in his application that—

"A rather wide ratio between the various components of my dusting powder is permissible. Even as small a proportion as 2 to 3 per cent of sodium perborate produces an appreciable improvement in the deodorizing action of sodium bicarbonate. When the proportion of sodium perborate reaches about 50 per cent the preparation becomes somewhat irritating to persons with tender skins and when used under certain circumstances. I consider from about 5 to 25 per cent sodium perborate as the optimum proportion of this ingredient. A sticker, such as talc, can be admixed with the aforesaid ingredients in proportions ranging from about 10 to 50 per cent by weight.

\* \* \* \* \* \*

"Various changes may be made in the specific proportions of ingredients and other details of the above proceedures without departing from the spirit of my invention."

The patent to Gruter et al. relates to improvements in stable mixtures of perborates for producing hydrogen peroxide. The patentees' mixture which contains sodium perborate and bitartrate of sodium and which, on contact with water, forms hydrogen peroxide, has deodorizing and disinfecting properties. The Primary Examiner stated in his decision that that patent was cited "as showing the deodorizing effect of hydrogen peroxide produced from sodium perborate, which is mixed with sodium bitartrate."

The patent to Relyea relates to an antiseptic compound and discloses a composition comprising sodium bicarbonate and sodium perborate in powder form. The patentee stated that his compound "upon solution will have prompt germicidal and antiseptic properties and which can be freely *used upon open wounds and ulcers* without the prevention of the prompt repair and new formation of new tissue, and which will be free from local and other irritating effects upon mucous or serous surfaces, and which composition will likewise remain in a permanent and stable condition until brought in contact with moisture.

"Among the oxygen yielding compounds which may be used without departing from the spirit of my invention, *I have found sodium perborate to give satisfactory results when combined with acid sodium carbonate,* which acts as an activating agent, and secures a decomposition of the perborate with the required rapidity. I have found that *to mix these two materials into powder form is effective in providing an antiseptic and germicidal solution upon dissolving them in water,* by reason of the prompt liberation of the nascent oxygen with the reduction of the objectionable alkalinity possessed by the perborate. As is well known, *acid sodium carbonate, which is also called sodium bicarbonate* is almost neutral as its aqueous solution is very faintly alkaline, showing that the salt remains substantially unhydrolyzed." (Italics ours.)

The patentee also stated that a mixture of "Sodium perborate, 50 parts; acid sodium carbonate [sodium bicarbonate], 40 parts; and disodium phosphate, 10 parts" gave satisfactory antiseptic and germicidal results; that his compound "may be used as a dusting powder upon moist surfaces whereby the compound is dissolved by the secretions or other body or animal fluids present and in this way exert its antiseptic and germicidal properties"; and that the proportions of the dry materials used by him might be departed from without altering the spirit of his invention.

The Poucher reference, a publication, discloses the use of talc as a "sticking agent" in face powders. The Primary Examiner stated in his decision that the "use of stickers or of oleaginous materials with powders is conventional in the art."

The appealed claims were rejected by the tribunals of the Patent Office on the ground that they did not involve invention over the references of record.

Relative to the principal reference, the patent to Relyea, the Primary Examiner said:

"Relyea states that his compound may be used as a dusting powder on moist sur-

faces. It is considered that this disclosure anticipates the use of the composition of the applicant, as it would appear that the surfaces of the body to which the applicant's powder is applied would either be moist or would become moist. That such a composition containing perborate would have a deodorizing effect is shown by Gruter.

\* \* \* \* \* \*

"The applicant has argued that the theory of his composition differs from that of Relyea. Since the composition of Relyea contains the same ingredients and is used for the same purpose as that of the applicant, no merit is found in this contention.

"The applicant has also argued that the proportions of sodium perborate, from about 2 to 25 per cent, are critical. The Relyea composition shows specific proportions of 50 per cent of sodium perborate, which, applicant alleges, would be irritating to the skin. The applicant further has submitted his own affidavit to the effect that he made tests of compositions of sodium bicarbonate and sodium perborate as a body deodorant; that compositions containing as much as 50 per cent sodium perborate had no harmful effect on the skin in winter, but during the summer were irritating when used daily over a period of several weeks; that at least 2 per cent of sodium perborate must be added to enhance the deodorizing properties of sodium bicarbonate; and that he therefore considers the proportions of sodium perborate from 2 to 25 per cent to be critical in his deodorizing dusting powder. However, the applicant himself has shown that a proportion in excess of his range is not irritating in winter. Nor does such a range of proportions from 2 to 25 per cent appear to be critical within the ordinary meaning of that term. The permissive selection over such a wide range is obviously a matter of choice. Dusting powder compositions of sodium bicarbonate and sodium perborate being old in Relyea, it would appear to be merely a matter of choice for one skilled in the art to select suitable proportions of perborate so that the composition would not be irritating to the skin. This can readily be determined by mere trial by one skilled in this art.

"The claims were previously allowed but this allowance was withdrawn on discovery of the Relyea reference. This reference was listed by number in the specification, but was not cited or applied to the rejection of any of the claims by the Examiner until the allowance was withdrawn in order to apply this reference in rejecting the claims. In view of these facts, no basis is found for the contention that the present rejection represents merely a difference of opinion between two Examiners having the same art before them, the application having continuously been before the examiner of Division 43, the Relyea patent having not previously been brought to his attention."

It is contended here by appellant that his invention lies in the combination of two deodorants—sodium bicarbonate and sodium perborate—in the proportions as stated in the appealed claims; that those proportions are critical, producing a result differing in kind, not merely in degree, from the prior art disclosures; and that none of the references teach that appellant's composition would be suitable as a body deodorant.

Relative to the question of criticalness of the proportions of the sodium bicarbonate and the sodium perborate as set forth in the appealed claims, it may be said that appellant's application contains the statements, as hereinbefore noted, that a "rather wide ratio between the various components of my dusting powder is permissible. Even as small a proportion as 2 to 3 per cent of sodium perborate produces an appreciable improvement in the deodorizing action of sodium bicarbonate"; that when the "proportion of sodium perborate *reaches about 50 per cent the preparation becomes somewhat irritating to persons with tender skins and when used under certain circumstances*" (italics ours); and that a composition containing from about 5 to 25 per centum of sodium perborate is considered preferable, although various changes might be made in the specific proportions of the ingredients without departing from the spirit of his invention. Certainly there is no teaching in appellant's application that the combination of sodium bicarbonate and varying proportions (from 2 to 25 per centum) of sodium perborate produces results differing in kind from those which might be produced if the composition contained 30, 35, or even 40 per centum of sodium perborate. See In re Ayres, 83 F.2d 297, 23 C.C.P.A., Patents, 1118; In re Swingle et al., 92 F.2d 709, 25 C.C.P.A., Patents, 706; In re Ellis et al., 93 F.2d 212, 25 C.C.P.A., Patents, 800, 805.

Considerable emphasis is placed by appellant on the argument that the reference patent to Relyea does not suggest the use of a composition composed of sodium bicarbonate and sodium perborate as a body deodorant.

The mere fact that appellant has discovered that a composition composed of sodium bicarbonate and from 2 to 25 per centum or more of sodium perborate possesses deodorizing properties, and that such a composition may, therefore, be used as a body deodorant, does not, in view of the fact that the composition is old, entitle him to the allowance of the appealed claims. In re Heap, 74 F.2d 948, 22 C.C.P.A., Patents, 950, 953; In re James, 83 F.2d 313, 23 C.C.P.A., Patents, 1124; In re Newton et al., 96 F.2d 291, 25 C.C.P.A., Patents, 1106.

We are in agreement with the conclusion reached by the Patent Office tribunals that the appealed claims are not patentable over the prior art of record. Accordingly, we deem it unnecessary to extend this opinion by a discussion of other matters presented by appellant.

The decision of the Board of Appeals is affirmed.

Affirmed.